SEAN P. NALTY (SBN 121253)
**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
525 Market Street, 17th Floor
San Francisco, California 94105
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Plaintiff
BERKSHIRE LIFE INSURANCE
COMPANY OF AMERICA

FILED

2007 MAY 17 A 10: 23

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

# 1
Sm  Fees Pd
NP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE BRANCH

BERKSHIRE LIFE INSURANCE
COMPANY OF AMERICA,

    Plaintiff,

vs.

BRANDON STAUFFER,

    Defendant

Case No.: C07 02622 PVT

**COMPLAINT FOR DECLARATORY
RELIEF TO CONFIRM RESCISSION**

## PARTIES

1. Berkshire Life Insurance Company of America ("Berkshire") is a wholly-owned subsidiary of Guardian Life Insurance Company of America. Berkshire is a corporation organized and existing under the laws of the Commonwealth of Massachusetts.

2. Berkshire is and at all times relevant hereto was authorized to conduct and is conducting business as a disability insurer in the State of California.

3. Berkshire is informed and believes and on that basis alleges that Defendant Brandon Stauffer ("Stauffer") is a resident of Palo Alto, California.

---
1
**COMPLAINT FOR DECLARATORY RELIEF TO CONFIRM RESCISSION**

280960.1

## JURISDICTIONAL STATEMENT

4. Berkshire brings this declaratory relief action under the Employee Retirement Income Security Act of 1974 ("ERISA"). ERISA authorizes fiduciaries to bring actions to obtain equitable relief to enforce, or redress a violation of, the terms of the plan or the requirements of ERISA. See 29 U.S.C.A. § 1132(a)(3)(B). An insurer who is fraudulently induced into issuing a policy of insurance may bring an action in equity for rescission of the policy. *American Life Ins. Co. v. Stewart*, 300 U.S. 203, 212, (1937); *Provident Life & Acc. Ins. Co. v. Sharpless*, 364 F.3d 634, 639-40 (5th Cir. 2004); *Jefferson Standard Life Ins. Co. v. Keeton*, 292 F. 53, 54-56 (4th Cir. 1923); *Provident Life & Accident Ins. Co. v. Cohen*, 423 F.3d 413, 423 (4th Cir. 2005). In addition, 28 U.S.C. § 2201 provides that this Court may declare the rights of the parties in cases of actual controversy within its jurisdiction.

5. Stauffer was employed as an analyst with Domain Associates, L.L.C. ("Domain") starting September 15, 2005. As an employee of Domain, he was entitled to certain benefits under the Domain Associates Benefit Plan ("the Plan"). These benefits included Hospital Coverage for himself and qualified dependents; Group Major Medical Health Insurance for himself and qualified dependents; Term Life Insurance; and Dental benefits that were self-insured by Domain. In addition to these benefits, Stauffer also received under the Plan long term disability insurance. This was a combination of a group policy and an individual disability contract, the benefits of which together amounted to 60% of Stauffer's base salary. The individual disability policy provided to Stauffer under the Plan was issued through Domain to Stauffer by Berkshire on October 1, 2005, disability income insurance Policy No. Z0848080 ("Policy"). Domain paid the premium under the Policy and premium notices under the Policy were sent to Domain. The Policy was issued in the State of New Jersey. Finally, Berkshire acted as a fiduciary under the Plan by virtue of the fact that Berkshire had the exclusive authority to decide benefit questions under the Policy and to decide to rescind the Policy. As set forth below, Berkshire rescinded the Policy and now requests that the Court confirm that there is no coverage under the Policy and that the Policy was validly rescinded.

## VENUE

6. Berkshire alleges that Stauffer is a resident of the State of California and currently resides in the City of Palo Alto. Accordingly, the United States District Court for the Northern District of California, San Jose Branch, is the appropriate venue.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. On or about September 9, 2005, in New Jersey, Stauffer completed, signed and submitted to Berkshire an Application for the Policy through Domain. (the "Application").

8. The Application signed by Stauffer provided in relevant part on the Application page entitled Representations of the Proposed Insured and Owner:

1  This application, any required Representations to the Medical Examiner, and any other supplements to the application will form the basis for and become part of and attached to any policy issued.

2  All of the statements that are part of the application and any other supplements to the application are correctly recorded and are complete and true to the best of the knowledge and belief of those persons who made them.

3  Any misrepresentation or omission if found to be material, may adversely affect acceptance of the risk, claims payment or may lead to rescission of any policy that is issued based on this application.

9. Section 5 of the Application contained a series of questions regarding Stauffer's health and personal history.

10. Stauffer represented that in the past ten years he had not been treated for or received a consultation or counseling for: disorder of the glands, bone, blood or skin; arthritis, rheumatism or disorder of the joints, limbs, or muscles.

11. Thereafter, based upon and in reliance upon the statements and representations made to Berkshire in Stauffer's written Application, Berkshire issued the Policy to Stauffer with a Policy date of October 1, 2005, insuring Stauffer pursuant to the terms, conditions, and provisions thereof. The Policy was a benefit under the Plan.

12. On or about July 5, 2006, Stauffer notified Berkshire of a claim for disability under the Policy commencing in July 2006 relating to chronic inflammatory demyelinating polyneuropathy.

13. As a result of its evaluation of Stauffer's claim, Berkshire learned and discovered for the first time that certain material representations and statements made in Stauffer's Application were false.

14. The Policy contains the following provision regarding their contestability:

> "This policy will be incontestable as to the statements, except fraudulent statements, contained in the application after it has been in force for a period of two years during your lifetime."

15. The Policy has been in force for a period of less than two years.

## FIRST CLAIM FOR RELIEF

### (DECLARATORY RELIEF TO CONFIRM THE RESCISSION)

16. Berkshire refers to and incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 15 above.

17. Berkshire alleges that Stauffer's responses to questions 5(g)(ii) and 5(g)(v) on the Application were false and that Stauffer failed to disclose his true personal medical and health history.

18. If Stauffer had disclosed his true personal medical and health history or if the true facts as to Stauffer's personal and medical history had been made known to Berkshire by Stauffer prior to or at the time of the issuance and the delivery of Policy, the Policy would not have been issued and delivered by Berkshire to Stauffer.

19. Because of Stauffer's' failure to disclose his true personal medical and health history and Berkshire's reliance on Stauffer's representations, Berkshire issued and delivered the Policy to Stauffer in New Jersey.

20. Stauffer's false representations as to his personal medical and health history induced Berkshire, to its detriment, to issue and deliver the Policy to Stauffer as a benefit of his employment with Domain.

21. Based upon the facts alleged hereinabove, on February 2, 2007, Berkshire formally rescinded the Policy by notifying Stauffer of said rescission and by tendering all premium paid on the Policy plus accrued interest.

22. An actual controversy has arisen and now exists between Berkshire and Stauffer concerning their respective rights and duties under the Policy that must be resolved by this Court pursuant to the provisions of 28 U.S.C. section 2201. Specifically, Berkshire contends that it rescinded the Policy, that there is no coverage under the Policy, and that the Policy is void and of no force and effect since its inception and Berkshire has not nor ever will become liable to anyone there under. Berkshire alleges, on information and belief, that Stauffer claims that the Policy still is in force and has not been properly rescinded and that he is entitled to benefits under the Policy.

21. A declaration by this Court is necessary and appropriate at this time to confirm the aforementioned rescission, and to confirm that there is no coverage under the Policy, so that the parties may ascertain their respective rights and duties under the Policy and determine the validity of the Policy.

**PRAYER**

WHEREFORE, Berkshire prays for judgment as follows:

1. For an order confirming the rescission of Policy No. Z0848080;

2. For an order confirming that Policy No. Z0848080 be canceled and declared null and void, that there is no coverage under the Policy, and that Berkshire is not now nor in the future is obligated to pay any benefits to Stauffer or anyone else under such Policy;

3. For a declaration that Berkshire has at all times acted reasonably and in good faith in its dealings with Stauffer;

4. For costs of suit incurred herein; and

5.  For an order granting such other relief as is appropriate under the circumstances of this case.

Dated: May 16, 2007  WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____/s/ Sean P. Nalty_____
SEAN P. NALTY
Attorneys for Plaintiff
BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA

---

6
**COMPLAINT FOR DECLARATORY RELIEF TO CONFIRM RESCISSION**

280960.1