```
Ray Bourhis, Esq. SBN 53196
Lawrence Mann, Esq. SBN 83698
BOURHIS & MANN
1050 Battery Street
San Francisco, CA 94111
Tel: (415) 392-4660
Fax: (415) 421-0259

Attorneys for Defendant and Cross-Claimant,
BRANDON STAUFFER
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE BRANCH

| | |
|---|---|
| BERSKHIRE LIFE INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON STAUFFER,<br><br>Defendant.<br>_____<br>BRANDON STAUFFER,<br><br>Cross-Claimant,<br><br>v.<br><br>BERSKHIRE LIFE INSURANCE COMPANY OF AMERICA, THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, , and DOES 1 – 50, inclusive,<br><br>Cross-Defendants. | Case No.: C07 02622 RMW [E-FILE]<br><br>**ANSWER TO COMPLAINT FOR DECLARATORY RELIEF TO CONFIRM RECISSION**<br><br>**REQUEST FOR JURY TRIAL** |

Defendant and Cross-Claimant BRANDON STAUFFER, through his attorneys Bourhis & Mann, hereby requests a jury trial on all issues in this action.

Defendant and Cross-Claimant BRANDON STAUFFER, through his attorneys Bourhis & Mann, answering Plaintiff BERKSHIRE LIFE INSURANCE COMPANY OF

AMERICA'S (hereinafter "Berkshire") unverified complaint on file herein:

## PARTIES

1. Admits the allegations in paragraphs 1 and 2 on information and belief.

2. Admits the allegations in paragraph 3.

## JURISDICTIONAL STATEMENT

3. Denies each and every allegation set forth in paragraph 4 of the complaint, and specifically denies that BRANDON STAUFFER'S disability insurance policy is governed by ERISA.

4. Denies each and every allegation set forth in paragraph 5, except admits that BRANDON STAUFFER was employed by Domain Associates, L.L.C. starting September 9, 2005, he received employment benefits including Hospital Coverage, Major Medical Health Insurance and Dental Insurance. And, BRANDON STAUFFER admits that he purchased an individual disability insurance contract, issued by Berkshire on October 1, 2005, disability income insurance Policy No Z0848080. And, BRANDON STAUFFER admits that Berkshire purported it was rescinding his policy.

## VENUE

5. Denies each and every allegation set forth in paragraph 6, except admits that Stauffer is a resident of the State of California and currently resides in Palo Alto, California.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. Admits the allegations in paragraph 7, except denies that the policy application was "through Domain."

7. Denies each and every allegation set forth in paragraph 8 on lack of information and belief.

8. Admits the allegations in paragraph 9.

9. Admits the allegations in paragraph 10, except denies that the words appeared in precisely the form alleged, and BRANDON STAUFFER specifically contends that the word diabetes preceded the words: "or disorder of the glands, bone,

1 | blood or skin?"

2 | 10.     Denies each and every allegation set forth in paragraph 11 for lack of information and belief, except specifically denies that the Policy was a benefit under "the Plan," specifically denies there was a "Plan," but admits that Berkshire issued the policy to BRANDON STAUFFER with a policy date of October 1, 2005, insuring STAUFFER pursuant to the terms, conditions and provisions of the policy.

11.     Admits the allegations in paragraph 12 on information and belief.

12.     Denies each and every allegation set forth in paragraph 13.

13.     Denies each and every allegation set forth in paragraph 14, except admits that the quoted language appears in the policy.

14.     Admits the allegations in paragraph 15.

15.     Denies and admits the allegations in paragraph 16 as denied and admitted above.

16      Denies each and every allegation set forth in paragraphs 17, 18, 19, and 20.

17.     Denies each and every allegation set forth in paragraphs 21, 22 and 23 (alleged to be another paragraph 21), except admits that Berkshire purported it rescinded the policy, and admits that BRANDON STAUFFER claims that the Policy still is in force and has not been properly rescinded and that he is entitled to benefits under the Policy.

## BERKSHIRE'S PRAYER

18.     Denies each and every allegation set forth in paragraphs 1, 2, 3, 4 and 5 of the prayer, and specifically denies that Berkshire is entitled to any relief.

///
///
///
///
///

## AFFIRMATIVE DEFENSES TO ALL MATTERS PLED IN COMPLAINT

### FIRST AFFIRMATIVE DEFENSE

(Failure To State Facts Sufficient To Constitute Claim)

19. As a separate and distinct **FIRST AFFIRMATIVE DEFENSE** Defendant alleges that the allegations set forth in the Complaint fail to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Estoppel)

20. A separate and distinct **SECOND AFFIRMATIVE DEFENSE**, Defendant alleges that Berkshire is estopped to assert the matters raised in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

(Unclean Hands)

21. As a separate and distinct **THIRD AFFIRMATIVE DEFENSE**, Defendant alleges that the Complaint is barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

(Tortious Conduct)

22. As a separate and distinct **FOURTH AFFIRMATIVE DEFENSE**, Defendant alleges that the Complaint is barred as a result of Berkshire's tortious conduct towards Defendant.

### FIFTH AFFIRMATIVE DEFENSE

(Waiver)

23. As a separate and distinct **FIFTH AFFIRMATIVE DEFENSE**, Defendant alleges that the Complaint is barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

(Laches)

24. As a separate and distinct **SIXTH AFFIRMATIVE DEFENSE**, Defendant alleges that the Complaint is barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

(Ambiguity)

25. As a separate and distinct **SEVENTH AFFIRMATIVE DEFENSE**, Defendant alleges that the Policy application and the Policy are ambiguous, and are interpreted in favor of the policyholder.

## EIGHTH AFFIRMATIVE DEFENSE

(Fraud)

26. As a separate and distinct **EIGHTH AFFIRMATIVE DEFENSE**, Defendant alleges that Plaintiff's complaint, and each cause of action, constitutes fraud. Plaintiff is fully aware of its obligations to pay the benefits Defendant is due. Plaintiff denied Defendant's claim through a biased review of Defendant's medical records that was intended to provide a pretext for denying Defendant's claim. Plaintiff denied Defendant's claim by purposefully ignoring the wealth of medical evidence establishing Defendant's total disability under the terms and conditions of her Policy. Plaintiff then filed this action simply as an attempt to harass and intimidate Defendant into foregoing all claims he has or might have against Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

(Bad Faith)

27. As a separate and distinct **NINTH AFFIRMATIVE DEFENSE**, Defendant alleges that Plaintiff's complaint, and each cause of action, constitutes bad faith by Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

(Improper Purpose)

28. As a separate and distinct **TENTH AFFIRMATIVE DEFENSE**, Defendant alleges that Plaintiff's complaint, and each cause of action, is made with the improper purpose of harassing Defendant and intimidating him into foregoing all claims he has or might have against Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

(Abuse of Process)

37. As a separate and distinct **ELEVENTH AFFIRMATIVE DEFENSE**, Defendant alleges that Plaintiff's complaint, and each cause of action, constitutes abuse of process.

## TWELFTH AFFIRMATIVE DEFENSE

(Failure of Conditions Precedent)

38. As a separate and distinct **SIXTH AFFIRMATIVE DEFENSE**, Defendant alleges that Upon information and belief, Defendants states that Plaintiff's complaint, and each cause of action, fails to allege conditions precedent to the relief sought.

## EIGHTH AFFIRMATIVE DEFENSE

(Waiver)

39. Plaintiff has waived any and all claims that it may have or have had against Defendant.

## TENTH AFFIRMATIVE DEFENSE

40. Plaintiff is not entitled to recover against Defendant by the equitable doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

(Laches)

41. Upon information and belief, Defendant states that Plaintiff's complaint is barred by the equitable doctrine of laches.

WHEREFORE, it is prayed that Plaintiff take nothing by way of its complaint, and that a judgment for costs including attorneys fees, and for such other relief as the court

///

///

may deem proper, be awarded this answering defendant.

Dated: September 24, 2007

Respectfully submitted,

BOURHIS & MANN

By: _____
Ray Bourhis, Esq.
Lawrence Mann, Esq.
Attorneys for Plaintiff BRANDON STAUFFER

///
///
///

## DEMAND FOR JURY TRIAL

Plaintiff herewith demands a jury trial on all issues.

Dated: September 24, 2007

Respectfully submitted,

BOURHIS & MANN

By: _____
Ray Bourhis, Esq.
Lawrence Mann, Esq.
Attorneys for Plaintiff BRANDON STAUFFER

Answer To Complaint for Declaratory Relief

# PROOF OF SERVICE
## Berkshire Life Insurance Company of America v. Stauffer, et al.
### U.S. District Court, Northern District of California, San Jose Branch   Case No. C07-02622 PVT

I am a resident of the State of California, over the age of eighteen years and not a party to this action. My business address is 1050 Battery Street, San Francisco, California 94111. On September 26, 2007, I will serve the following documents:

ANSWER TO COMPLAINT FOR DECLARATORY RELIEF TO CONFIRM RECISSION/ REQUEST FOR JURY TRIAL

in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid. I am employed in the county where the mailing described below occurred, and am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I placed a true copy of the specified document(s) in a sealed envelope(s) with postage thereon fully prepaid. The envelope(s) will be deposited with the United States Postal Service on this day in the ordinary course of business in San Francisco, California.

**ATTORNEYS FOR PLAINTIFF:**
**BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA**
Sean P. Nalty, Esq., SBN 121253
WILSON, ELSER, MOSKOWITZ, EDLEMAN & DICKER
525 Market Street, 17th Floor
San Francisco, CA  94105-2725
Tel:  (415) 433-0990
Fax: (415) 434-1370

(X) (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at San Francisco, California, on September 26, 2007.

_____
Mary M. Martin

Answer To Complaint for Declaratory Relief