SEAN P. NALTY (SBN 121253)
**WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP**
525 Market Street, 17th Floor
San Francisco, California 94105
Telephone:    (415) 433-0990
Facsimile:    (415) 434-1370

Attorneys for Stauffer
BERKSHIRE LIFE INSURANCE
COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE BRANCH

| | |
|---|---|
| BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,<br><br>        Stauffer,<br><br>    vs.<br><br>BRANDON STAUFFER,<br><br>        Defendant.<br>_____<br><br>BRANDON STAUFFER,<br><br>        Cross-Complainant,<br><br>    vs.<br><br>BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, and DOES 1-50, inclusive,<br><br>        Berkshire. | Case No.: C 07-02622 RMW<br><br>**BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA AND THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA'S ANSWER TO DEFENDANT AND CROSS-COMPLAINANT BRANDON STAUFFER'S CROSS-CLAIM** |

COMES NOW, plaintiff and cross-defendant BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA ("Berkshire Life") and cross-defendant GUARDIAN LIFE INSURANCE COMPANY OF AMERICA ("Guardian") (collectively, "Berkshire") and answers the cross-claim for breach of contract, breach of the covenant of good faith and fair dealing,

---

intentional misrepresentation, and intentional infliction of emotional distress ("the cross-claim") filed by defendant and cross-complainant Brandon Stauffer ("Stauffer") as follows.

    1.    In answering the allegations in paragraph 1 of the cross-claim, Berkshire admits that at the time of the filing of Berkshire's complaint for declaratory relief, Stauffer was and still is a resident of California. Except as so admitted, Berkshire denies the remaining allegations in paragraph 1 of the cross-claim.

    2.    Berkshire admits the allegations in paragraph 2 of the cross-claim.

    3.    Berkshire admits the allegations in paragraph 3 of the cross-claim.

    4.    Answering the allegations in paragraph 4 of the cross-claim, Berkshire admits that Berkshire Life and Guardian merged. Berkshire further admits that Berkshire Life is a wholly owned stock subsidiary of and an administrator for Guardian. Except as so admitted, Berkshire denies the remaining allegations in paragraph 4 of the cross-claim.

    5.    Answering the allegations in paragraph 5 of the cross-claim, Berkshire admits that Berkshire Life has a claims operation in Pittsfield, Massachusetts. Except as so admitted, Berkshire denies the allegations in paragraph 5 of the cross-claim.

    6.    Berkshire admits the allegations in paragraph 6 of the cross-claim.

    7.    Berkshire admits the allegations in paragraph 7 of the cross-claim.

    8.    Berkshire denies the allegations in paragraph 8 of the cross-claim.

    9.    Berkshire denies the allegations in paragraph 9 of the cross-claim.

    10.    Answering the allegations in paragraph 10 of the cross-claim, Berkshire admits that Berkshire Life is a subsidiary of and administrator for Guardian. Except as so admitted, Berkshire denies the allegations in paragraph 10 of the cross-claim.

    11.    Berkshire denies the allegations in paragraph 11 of the cross-claim.

    12.    Berkshire denies the allegations in paragraph 12 of the cross-claim.

    13.    Answering the allegations in paragraph 13 of the cross-claim, Berkshire is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, denies the allegations in paragraph 13 of the cross-claim.

14. Answering the allegations in paragraph 14 of the cross-claim, Berkshire states that this matter is governed by the Employee Retirement Income Security Act of 1974 ("ERISA") and governed by the law applicable to ERISA policies and plans. Although the covenant of good faith and fair dealing is implied into policies that are not governed by ERISA, the policy that is the subject of this matter is governed by ERISA and therefore not subject to California common law. On this basis, Berkshire denies the allegations in paragraph 14 of the cross-claim.

## FIRST CAUSE OF ACTION

(Breach of Contract)

15. Answering the allegations in paragraph 15 of the cross-claim, Berkshire incorporate by reference, as if they were fully set forth below, Berkshire' answer to paragraphs 1 through 14 of the cross-claim.

16. Answering the allegations in paragraph 16 of the cross-claim, Berkshire admits that Stauffer was employed as an analyst with Damien Associates, LLC ("Damien") starting September 15, 2005. As an employee of Damien, he was entitled to certain benefits under the Damien Associates Benefit Plan (the "Plan"). Berkshire further admits that one of the benefits offered under the Plan was long term disability insurance. This was a combination of a group policy and an individual contract, the benefits of which together amounted to 60% of Stauffer's base salary. The individual disability policy provided to Stauffer under the Plan, the policy that is the subject of this matter, was issued through Damien to Stauffer by Berkshire Life on October 1, 2005, disability income insurance policy no. Z0848080 (the "policy"). Berkshire further states that the terms, conditions, limitations, and restrictions set forth in the policy speak for themselves. Except as so admitted, Berkshire denies the allegations in paragraph 16 of the cross-claim.

17. Berkshire denies the allegations in paragraph 17 of the cross-claim.

18. Answering the allegations in paragraph 18 of the cross-claim, Berkshire admits that Stauffer was employed as an analyst at Damien Associates, LLC. Except as so admitted, Berkshire denies the allegations in paragraph 18 of the cross-claim.

19. Answering the allegations in paragraph 19 of the cross-claim, Berkshire admits that Berkshire Life received premium payments under the policy. Except as so admitted, Berkshire denies the allegations in paragraph 19 of the cross-claim.

20. Answering the allegations in paragraph 20 of the cross-claim, Berkshire is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, denies the allegations in paragraph 20 of the cross-claim.

21. Answering the allegations in paragraph 21 of the cross-claim, Berkshire is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis, denies the allegations in paragraph 21 of the cross-claim.

22. Berkshire admits that Stauffer applied for disability benefits under the policy.

23. Answering the allegations in paragraph 23 of the cross-claim, Berkshire admits that Berkshire Life paid a disability benefit to Stauffer under the Policy. Berkshire further admits that Stauffer provided medical information in support of his claim. Except as so admitted, Berkshire denies the allegations in paragraph 23 of the cross-claim.

24. Berkshire denies the allegations in paragraph 24 of the cross-claim.

25. Berkshire denies the allegations in paragraph 25 of the cross-claim.

26. Berkshire denies the allegations in paragraph 26 of the cross-claim.

27. Berkshire denies the allegations in paragraph 27 of the cross-claim.

28. Berkshire denies the allegations in paragraph 28 of the cross-claim.

## SECOND CAUSE OF ACTION

(Breach of the Covenant of Good Faith and Fair Dealing)

29. Answering the allegations in paragraph 29 of the cross-claim, Berkshire incorporates by reference, as if they were fully set forth below, Berkshire's response to paragraphs 1 through 28 of the cross-claim.

30. Answering the allegations in paragraph 30 of the cross-claim, Berkshire admits that California common law provides that there is a covenant of good faith and fair dealing that is implied into individual disability policies that are not governed by ERISA. Berkshire further

admits that this matter is governed by ERISA and therefore the policy that is the subject of this matter is subject to the laws under ERISA and is not subject to California common law. Except as so admitted and so stated, Berkshire denies the allegations in paragraph 30 of the cross-claim.

31. Berkshire denies the allegations in paragraph 31 of the cross-claim.

32. Berkshire denies the allegations in paragraph 32 of the cross-claim.

33. Berkshire denies the allegations in paragraph 33 of the cross-claim.

34. Berkshire denies the allegations in paragraph 34 of the cross-claim.

35. Berkshire denies the allegations in paragraph 35 of the cross-claim.

36. Berkshire denies the allegations in paragraph 36 of the cross-claim.

37. Berkshire denies the allegations in paragraph 37 of the cross-claim.

38. Berkshire denies the allegations in paragraph 38 of the cross-claim.

39. Berkshire denies the allegations in paragraph 39 of the cross-claim.

### THIRD CAUSE OF ACTION

(Intentional Misrepresentation)

40. Answering the allegations in paragraph 40 of the cross-claim, Berkshire incorporates by reference, as if they were fully set forth below, the answers to paragraphs 1 through 39 of the cross-claim set forth above.

41. Answering the allegations in paragraph 41 of the cross-claim, Berkshire admits that Berkshire Life issued the policy. Except as so admitted, Berkshire denies the allegations in paragraph 41 of the cross-claim.

42. Berkshire denies the allegations in paragraph 42 of the cross-claim.

43. Berkshire denies the allegations in paragraph 43 of the cross-claim.

44. Berkshire denies the allegations in paragraph 44 of the cross-claim.

45. Berkshire denies the allegations in paragraph 45 of the cross-claim.

46. Berkshire denies the allegations in paragraph 46 of the cross-claim.

47. Berkshire denies the allegations in paragraph 47 of the cross-claim.

## FOURTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

48. Answering the allegations in paragraph 48 of the cross-claim, Berkshire incorporates by reference, as if they were fully set forth below, Berkshire's answer to paragraphs 1 through 47 of the cross-claim set forth above.

49. Answering paragraph 49 of the cross-claim, Berkshire is without knowledge or information sufficient to form a belief as to the truth of the allegation that Stauffer is totally disabled, and on this basis, denies this allegation. Berkshire denies the remaining allegations in paragraph 49 of the cross-claim.

50. Berkshire denies the allegations in paragraph 50 of the cross-claim.

51. Berkshire denies the allegations in paragraph 51 of the cross-claim.

52. Berkshire denies the allegations in paragraph 52 of the cross-claim.

53. Berkshire denies the allegations in paragraph 53 of the cross-claim.

54. Berkshire denies the allegations in paragraph 54 of the cross-claim.

55. Berkshire denies the allegations in paragraph 55 of the cross-claim.

56. Berkshire denies the allegations in paragraph 56 of the cross-claim.

57. Berkshire denies the allegations in paragraph 57 of the cross-claim.

58. Berkshire denies the allegations in paragraph 58 of the cross-claim.

59. Berkshire denies the allegations in paragraph 59 of the cross-claim.

Berkshire denies the allegations in the prayer of the cross-claim.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Berkshire alleges that the cross-claim, and each purported claim for relief alleged therein, fails to state facts sufficient to constitute a claim against Berkshire Life and Guardian, and each of them.

## SECOND AFFIRMATIVE DEFENSE

Berkshire alleges that any and all of the actions taken by any corporate officer, employee, and/or agent were good faith assertions of the rights of Berkshire and were therefore privileged and/or justified.

## THIRD AFFIRMATIVE DEFENSE

Berkshire alleges that if Stauffer has sustained any damages as alleged in the cross-claim, which Berkshire denies, he failed to mitigate his damages.

## FOURTH AFFIRMATIVE DEFENSE

Berkshire alleges that Stauffer has waived any and all claims that he may have or have had to the relief, if any, referred to in the cross-claim.

## FIFTH AFFIRMATIVE DEFENSE

Berkshire alleges that Stauffer is estopped from alleging that Berkshire caused or contributed to the damages, if any, referred to in the cross-claim.

## SIXTH AFFIRMATIVE DEFENSE

Berkshire alleges that Stauffer is barred from seeking any equitable relief due to his own unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Berkshire alleges that each claim for relief and cause of action alleged in the cross-claim is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA") and therefore must be dismissed. Among other things, Stauffer was employed as an analyst with Domain Associates, L.L.C. ("Domain") starting September 15, 2005. As an employee of Domain, he was entitled to certain benefits under the Domain Associates Benefit Plan ("the Plan"). These benefits included Hospital Coverage for himself and qualified dependents; Group Major Medical Health Insurance for himself and qualified dependents; Term Life Insurance; and Dental benefits that were self-insured by Domain. In addition to these benefits, Stauffer also received under the Plan long term disability insurance. This was a combination of a group policy and an individual disability contract, the benefits of which together amounted to 60% of Stauffer's base salary.

The individual disability policy provided to Stauffer under the Plan was issued through Domain to Stauffer by Berkshire on October 1, 2005. Domain paid the premium under the policy and premium notices under the policy were sent to Domain.

### EIGHTH AFFIRMATIVE DEFENSE

Berkshire is informed and believe, and on that basis allege that if Berkshire failed to perform any obligations owing to Stauffer, which Berkshire categorically denies, such performance was prevented or made impossible as a result of acts or omissions of Stauffer and/or other third parties.

### NINTH AFFIRMATIVE DEFENSE

Without conceding that Stauffer sustained any damages as alleged in the cross-claim, Berkshire alleges that if any such damages were sustained by Stauffer, Stauffer failed to and did not exercise ordinary care, caution or prudence on his own behalf and that the alleged damages, if any, either sustained by Stauffer or referred to in the cross-claim were directly and proximately caused and contributed to by the acts and/or omissions of Stauffer. Accordingly, recovery, if any, on the part of Stauffer against Berkshire must be reduced by a proportionate percentage of the wrong attributable to Stauffer.

### TENTH AFFIRMATIVE DEFENSE

Berkshire alleges that, without conceding Stauffer has sustained any damages as alleged in his cross-claim, if any such damages were sustained by Stauffer, they were caused by persons or entities other than Berkshire, and at all times, these other person or entities were acting without the consent, authorization, knowledge or ratification of Berkshire, with regard to any and all of the acts alleged in the cross-claim, and the award of damages, if any, should be reduced by the proportionate percentage of the wrong attributable to those persons or entities.

### ELEVENTH AFFIRMATIVE DEFENSE

Berkshire alleges that the policy that was issued to Stauffer by Berkshire Life, that is the subject of this action, has been validly and properly rescinded by Berkshire Life due to misrepresentations on the application. Accordingly, Stauffer does not have a contractual basis

for his claim herein that he is entitled to disability benefits under the policy because the policy is no longer in force. Moreover, he has no contractual basis for the claims for relief alleged in the cross-claim.

### TWELFTH AFFIRMATIVE DEFENSE

Berkshire alleges that Stauffer did not fulfill the requirements and conditions set forth in the policy, particularly the requirement to provide accurate and complete responses to the questions on the policy application.

### THIRTEENTH AFFIRMATIVE DEFENSE

Berkshire alleges that any and all actions taken by Berkshire were fair and reasonable and were performed in good faith based on all the relevant facts known to Berkshire at all applicable times.

### FOURTEENTH AFFIRMATIVE DEFENSE

Berkshire alleges that the cross-claim, and each purported claim contained therein, fails to state any facts that would entitle Stauffer to recovery general, compensatory, punitive and/or damages (including attorneys' fees and costs) against Berkshire.

### FIFTEENTH AFFIRMATIVE DEFENSE

Berkshire alleges that the basis by which punitive damages are imposed pursuant to California statutory and common law, are fatally constitutionally infirm, and that giving effect to such laws is violative of the First, Fourth, Fifth, Sixth, Eighth (except the excessive fines clause) and the Fourteenth Amendments to the United States Constitution and the equivalent provisions in the California Constitution.

### SIXTEENTH AFFIRMATIVE DEFENSE

Berkshire alleges that the California practice of allowing the wealth of an insurance company defendant to be the primary measure for the imposition of a punitive and exemplary damage award constitutes an impermissible punishment of Berkshire's status in violation of its rights to due process and equal protection of the laws under the Fifth and Fourteenth

Amendments to the United States Constitution and by Article I, Section 7 of the California Constitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Berkshire alleges that granting Stauffer's prayer for punitive damages against it would violate certain provisions of the Constitution of the United States including but not limited to, the following: The Fifth and Fourteenth Amendments guarantee Berkshire due process of law and are violated by the operation of such vague, imprecise and impermissible laws regarding both the awarding and the amount of punitive damages as are the laws on which the subject punitive damage claim is based; an award of punitive damages against Berkshire under the facts of this case would violate due process as being grossly excessive in relation to the legitimate interests of the State of California; the Fourteenth Amendment guarantees Berkshire equal protection of the laws and is violated by the imposition of punitive damages in that such sanction is discriminatory and arbitrary in penalizing Berkshire on the basis of wealth; the Fourth, Fifth and Sixth Amendments form the basis for laws governing the processing, convicting and sentencing of criminal defendants and to the extent that Berkshire is subjected to criminal sanctions for punitive damages, the burden of proof required to impose the same should be proof beyond a reasonable doubt and punitive damages should not be awarded without affording Berkshire full range of criminal safeguards afforded by the Constitution and the imposition of punitive damages would violated Article I Section XX of said constitution. Berkshire further alleges that in addition to the above, the imposition of punitive damages on Berkshire would violate similar and related provisions of the Constitution of the State of California.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Berkshire alleges that the imposition of punitive damages against it would violate California Civil Code § 3294 and that, as a matter of law, there is no evidence in this action that meets the standard under Civil Code § 3294.

### NINETEENTH AFFIRMATIVE DEFENSE

Without conceding that Stauffer has suffered any damages as alleged in the cross-claim, Berkshire alleges that if any such damages were sustained by Stauffer, those damages should be properly apportioned among all persons or entities who contributed to those damages in proportion to the fault of those persons or entities, pursuant to California Civil Code Section 1431.2 and any relevant provisions of California common and statutory law.

### TWENTIETH AFFIRMATIVE DEFENSE

Berkshire presently has insufficient knowledge or information on which to form a belief whether they may have additional, yet unstated affirmative defenses. Berkshire reserves the right to assert additional affirmative defenses in the event discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.

### PRAYER

WHEREFORE, Berkshire prays for judgment against Stauffer as follows:

1. That Stauffer take nothing by way of his cross-claim on file and that the same be dismissed with prejudice;

2. For judgment against Stauffer and in favor of Berkshire;

3. That Berkshire recover their costs of suit incurred herein, including reasonable attorneys' fees; and

4. For such other and further relief as this Court deems just and proper.

Dated: October 11, 2007

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: /s/ Sean P. Nalty
SEAN P. NALTY
Attorneys for Stauffer and Berkshire
BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA and THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA