1   SEAN P. NALTY (SBN 121253)
    **WILSON, ELSER, MOSKOWITZ,**
2     **EDELMAN & DICKER LLP**
    525 Market Street, 17th Floor
3   San Francisco, California 94105
    Telephone:    (415) 433-0990
4   Facsimile:    (415) 434-1370

5   Attorneys for Plaintiff
    BERKSHIRE LIFE INSURANCE
6   COMPANY OF AMERICA

7   LAWRENCE MANN (SBN 83698)
    **LAW OFFICES OF BOURHIS & MANN**
8   1050 Battery Street
    San Francisco, California 94111
9   Telephone:    (800) 264-2082

10  Attorneys for Defendant
    BRANDON STAUFFER

11

12

13                  UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15

16  BERKSHIRE LIFE INSURANCE          )   Case No.:  C 07-02622 RMW
    COMPANY OF AMERICA,               )
17                                    )   **JOINT CASE MANAGEMENT**
                                      )   **STATEMENT**
          Plaintiff,                  )
18                                    )
          vs.                         )   Date:      October 19, 2007
19                                    )   Time:      10:30 a.m.
    BRANDON STAUFFER,                 )   Courtroom: 6
20                                    )   Judge:     Hon. Ronald M. Whyte
          Defendant.                  )
21  _____ )
                                      )
22  BRANDON STAUFFER,                 )
                                      )
23        Cross-Complainant,          )
                                      )
24        vs.                         )
                                      )
25  BERKSHIRE LIFE INSURANCE          )
    COMPANY OF AMERICA, et al.,       )
26                                    )
          Cross-defendant.            )
27  _____ )

28

---
                                    1
            **JOINT CASE MANAGEMENT STATEMENT**        Case No.:  C 07-02622 RMW
306521.2

Plaintiff and cross-defendant Berkshire Life Insurance Company of America ("Berkshire Life"), cross-defendant Guardian Life Insurance Company of America ("Guardian") (collectively "Berkshire") and defendant and cross-complainant Brandon Stauffer ("Stauffer") hereby submit to the Court the following Joint Case Management Conference Statement pursuant to the Case Management Conference currently set in this matter for October 19, 2007. The parties jointly request permission to appear at this conference by telephone.

1.    Jurisdiction and Service:

The jurisdiction in this matter is based on the Employee Retirement Income Security Act of 1974 ("ERISA"). Berkshire Life's complaint for declaratory relief in this matter is governed by ERISA as the disability insurance policy that is the subject of this matter was part of an employee benefit plan. Stauffer denies the ERISA allegations in his answer to the declaratory relief complaint, and denies that the Court has jurisdiction under ERISA.

There are no additional parties to be served at this time.

2.    Facts:

A.    Berkshire's Facts

1.    ERISA

Berkshire has filed a declaratory relief action under ERISA to confirm the rescission of a disability policy issued to Stauffer. Stauffer was employed as an analyst with Domain Associates, L.L.C. ("Domain") starting September 15, 2005. As an employee of Domain, he was entitled to certain benefits under the Domain Associates Benefit Plan ("the Plan"). These benefits included Hospital Coverage for himself and qualified dependents; Group Major Medical Health Insurance for himself and qualified dependents; Term Life Insurance; and Dental benefits that were self-insured by Domain. In addition to these benefits, Stauffer also received under the Plan long term disability insurance. This was a combination of a group policy and an individual disability contract, the benefits of which together amounted to 60% of Stauffer's base salary. The individual disability policy provided to Stauffer under the Plan was issued through Domain to Stauffer by Berkshire on October 1, 2005, disability income insurance Policy No. Z0848080 ("Policy"). Domain paid the premium under the Policy and premium notices under the Policy

1  were sent to Domain. The Policy was issued in the State of New Jersey. Finally, Berkshire acted

2  as a fiduciary under the Plan by virtue of the fact that Berkshire had the exclusive authority to

3  decide benefit questions under the Policy and to decide to rescind the Policy. Stauffer contends

4  that the disability insurance was an individual policy, and was not part of an ERISA plan.

5        **2.    Claim for Relief for Declaratory Relief**

6        On or about September 9, 2005, in New Jersey, Stauffer completed, signed and submitted

7  to Berkshire an Application for the Policy through Domain (the "Application"). On or about July

8  5, 2006, Stauffer notified Berkshire of a claim for disability under the Policy commencing in July

9  2006. During the investigation of the claim, Berkshire discovered that Stauffer's responses to

10  questions 5(g)(ii) and 5 (g)(v) on the Application for the policy were false and that Stauffer failed

11  to disclose his true personal medical and health history. If Stauffer had disclosed his true personal

12  medical and health history or if the true facts as to Stauffer's personal and medical history had

13  been made known to Berkshire by Stauffer prior to or at the time of the issuance and the delivery

14  of Policy, the Policy would not have been issued and delivered by Berkshire to Stauffer.

15        B.    <u>Stauffer's Facts</u>

16        Plaintiff clearly is disabled with chronic inflammatory demyelinating polyneuropathy

17  (CIPD) as a venture capitalist. Brandon Stauffer purchased an individual disability insurance

18  policy. Extensive computer work and travel was required for Brandon's occupation. Brandon

19  cannot read or use a computer for more than a few minutes. He can no longer read business

20  plans. He cannot travel. He will be totally disabled at least through age 65.

21        At best, it is unreasonable for Berkshire to claim that it would not have underwritten

22  Brandon's disability insurance policy for the minor sports injuries and symptoms in his medical

23  records existing at the time of the policy application. Berkshire's fishing through Brandon's

24  medical records for an excuse to rescind his policy is in conscious disregard of his rights, and is

25  despicable. Later medical records containing errors in the patient history, and Brandon and his

26  doctors speculating as to the cause of his disabling condition, are not relevant to the issue of

27  Brandon's knowledge at the time of the policy application.

28

1    The policy application sought disclosure of "disorders." Disorder is a vague, ambiguous

2  and misleading term to ordinary people. It is a relatively uncommon term used to describe

3  diseases. Berkshire's application attempts to force lay people to make sophisticated medical

4  judgments, speculate about their past symptoms, and whether they are "disorders." Every normal

5  person has growing pains and occasional aches and pains; no one would believe these are

6  "disorders." How many aches and pains constitute a "disorder?" What do they have to feel like?

7  How frequently do they need to occur? The Berkshire application does not define disorder, and

8  no parameters are given. The examples on the application are rather serious diseases and none of

9  them are injuries, leading the applicant to interpret disorders to be diseases diagnosed by a

10  physician. Brandon's physicians did not tell him the fancy diagnoses they may have written in

11  their chart notes. The application did not caution the applicant to obtain copies of all of his

12  medical records to search for such information. The application merely seeks the applicant's

13  recollection. Berkshire's application did not inquire about injuries, and it will be estopped to

14  rescind coverage for injuries. Berkshire uses a very thorough claim evaluation form; Berkshire

15  certainly was capable of creating a fair, clear and thorough application.

16    None of the following are "disorders." Brandon's groin pull (osteitis pubis aka symphysis

17  pubis dysfunction) did not have a history of reoccurrence. This injury is not related to CIPD.

18  Before Brandon applied for the policy, no doctor ever informed him he had a "calcaneous

19  deformity." Orthotics are used to fine-tune runners' mechanics and reduce calluses. Orthotics

20  commonly are used by athletes, and are even made at specialty running shops. Brandon obtained

21  an Ambien prescription at the recommendation of colleagues to help with jet lag when traveling

22  to Asia on business; he had no problems with sleep disturbance at the time; he tried it once on a

23  trip to Asia, and never used it again. What athlete (Brandon was a runner, cyclist, weight lifter

24  and tennis player), has not had muscle cramps? An incident of eye pain, which goes away and

25  doesn't return, is not a disorder.

26    Berkshire claims that its policy is "NONCANCELLABLE AND GUARANTEED

27  RENEWABLE TO AGE 65." This is a misrepresentation based upon Berkshire's handling of

28  Brandon's claim. The term "contestability period" does not even appear in the policy. If

Berkshire is able to contest and cancel a policy during the "contestability period" in the absence of any clearly fraudulent statements, then the policy is not "noncancellable." It only is noncancellable after it has been in force for two years.

3.    Legal Issues:

    a.    Berkshire's Position

        1.    Are the common law claims for relief for breach of contract and in tort, alleged in Stauffer's cross-claim, preempted by ERISA?

        2.    Was Berkshire Life's rescission of the policy issued to Stauffer legally correct?

    b.    Stauffer's Position

        1.    Are the common law claims for relief for breach of contract and in tort, alleged in Brandon Stauffer's cross-claim, governed by California law since Brandon Stauffer became disabled while a resident of California?

        2.    What policy benefits, interest, attorney's fees, consequential damages, emotional distress damages, and punitive damages is Brandon Stauffer entitled to?

4.    Motions:

    Berkshire Life plans to move for summary judgment on Stauffer's cross-claim based on the contention that each of the claims for relief alleged therein are preempted by ERISA.

5.    Amendment of Pleadings:

    At this time, Berkshire does not anticipate any amendments to the pleadings in this matter.

6.    Evidence Preservation:

    Berkshire and Brandon Stauffer have taken all appropriate steps to preserve the evidence in this matter.

7.    Disclosures:

    Berkshire and Brandon Stauffer will make all Rule 26 disclosures prior to the Case Management Conference in this matter.

**JOINT CASE MANAGEMENT STATEMENT**    Case No.:  C 07-02622 RMW

306521.2

1  8.    Discovery:

2        This matter is governed by ERISA.  Accordingly, the Court should rely on the

3  administrative record to confirm Berkshire Life's rescission of the Policy.  Brandon Stauffer

4  denies that this matter is governed by ERISA.

5  9.    Class Actions:

6        There are no class action issues in this matter.

7  10.   Related Cases:

8        There are no related cases.

9  11.   Relief:

10       Berkshire seeks a declaration by this Court confirming the rescission of the Policy and

11  confirming that there is no coverage under the Policy.  Berkshire seeks judgment on Stauffer's

12  cross-claim.

13       Brandon Stauffer seeks recovery of policy benefits, interest, attorney's fees, consequential

14  damages, emotional distress damages, and punitive damages.

15  12.   Settlement and ADR:

16       Berkshire and Brandon Stauffer are is willing to participate in mediation and believes that

17  mediation should be attempted before the parties incur substantial legal fees and expenses in

18  prosecuting this matter.  Brandon Stauffer requests a settlement conference before a Magistrate

19  Judge at the earliest opportunity.

20  13.   Consent to Magistrate Judge For All Purposes:

21       Berkshire does not consent to a Magistrate Judge.

22  14.   Other References:

23       None.

24  15.   Narrowing of Issues:

25       Berkshire believes that the issues in this matter can be narrowed by making a final

26  determination as to whether this matter is governed by ERISA.  Stauffer denied the ERISA

27  allegations set forth in the declaratory relief complaint.  If the Court concludes that this matter is

28  governed by ERISA, then Stauffer's cross-claim for breach of contract and tort is preempted.

**JOINT CASE MANAGEMENT STATEMENT**         Case No.:  C 07-02622 RMW

306521.2

16.   Expedited Schedule:

       Not applicable.

17.   Scheduling:

       Brandon Stauffer requests a settlement conference before a Magistrate Judge at the earliest opportunity.  Berkshire believes that the parties should attempt mediation.  If mediation is not successful, then Berkshire's motion for summary judgment on the cross-claim should be noticed for hearing.  Once this is accomplished, and a decision is made concerning the application of ERISA, then this matter can be scheduled for trial.

18.   Trial:

       The trial should not be set until the ERISA issue is decided.  Brandon Stauffer contends that a trial date should be set, and any hearing on summary judgment could take place within that time frame.

19.   Disclosure of Non-Party Interested Entities or Persons:

       None.

20.   Other Matters:

       None.

Dated: October 12, 2007      WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


By:_____
       SEAN P. NALTY
       Attorneys for Plaintiff
       BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA


Dated: October 12, 2007      LAW OFFICES OF BOURHIS & MANN


By_____s/_____
       LAWRENCE MANN
       Attorney for Defendant BRANDON STAUFFER

JOINT CASE MANAGEMENT STATEMENT                Case No.:  C 07-02622 RMW

306521.2