1  SEAN P. NALTY (SBN 121253)
   **WILSON, ELSER, MOSKOWITZ,**
2  **EDELMAN & DICKER LLP**
   525 Market Street, 17th Floor
3  San Francisco, California 94105
   Telephone:    (415) 433-0990
4  Facsimile:    (415) 434-1370

5  Attorneys for Plaintiff
   BERKSHIRE LIFE INSURANCE
6  COMPANY OF AMERICA

7  LAWRENCE MANN (SBN 83698)
   **LAW OFFICES OF BOURHIS & MANN**
8  1050 Battery Street
   San Francisco, California 94111
9  Telephone:    (800) 264-2082

10 Attorneys for Defendant
   BRANDON STAUFFER

11

12

13                     UNITED STATES DISTRICT COURT

14                     NORTHERN DISTRICT OF CALIFORNIA

15

| 16 | BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, | ) | Case No.: C 07-02622 RMW |
|---|---|---|---|
| 17 | | ) | **JOINT CASE MANAGEMENT STATEMENT** |
| 18 | Plaintiff, | ) | |
| 19 | vs. | ) | Date:    May 9, 2008 |
| 20 | BRANDON STAUFFER, | ) | Time:    10:30 a.m. |
|    | | ) | Courtroom:    6 |
| 21 | Defendant. | ) | Judge:    Hon. Ronald M. Whyte |
| 22 | BRANDON STAUFFER, | ) | |
| 23 | Cross-Complainant, | ) | |
| 24 | vs. | ) | |
| 25 | BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, et al., | ) | |
| 26 | | ) | |
| 27 | Cross-defendant. | ) | |

28

---

1
JOINT CASE MANAGEMENT STATEMENT         Case No.: C 07-02622 RMW
350954.1

Plaintiff and cross-defendant Berkshire Life Insurance Company of America ("Berkshire Life"), cross-defendant Guardian Life Insurance Company of America ("Guardian") (collectively "Berkshire") and defendant and cross-complainant Brandon Stauffer ("Stauffer") hereby submit to the Court the following Joint Case Management Conference Statement pursuant to the Case Management Conference currently set in this matter for May 9, 2008.

1. <u>Jurisdiction and Service</u>:

The jurisdiction in this matter is based on the Employee Retirement Income Security Act of 1974 ("ERISA"). Berkshire Life's complaint for declaratory relief in this matter is governed by ERISA as the disability insurance policy that is the subject of this matter was part of an employee benefit plan. The standard of review is de novo.

There are no additional parties to be served at this time.

2. <u>Facts</u>:

A. <u>Berkshire's Facts</u>

**1. ERISA**

Berkshire has filed a declaratory relief action under ERISA to confirm the rescission of a disability policy issued to Stauffer. The parties agree that this matter is governed by ERISA. Stauffer's counter claim for breach of contract and breach of the covenant of good faith and fair dealing has been voluntarily dismissed and Stauffer has leave to file a counter-claim for benefits under ERISA.

**2. Claim for Relief for Declaratory Relief**

Berkshire contends that on or about September 9, 2005, in New Jersey, Stauffer completed, signed and submitted to Berkshire an Application for the Policy through Domain (the "Application"). On or about July 5, 2006, Stauffer notified Berkshire of a claim for disability under the Policy commencing in July 2006. During the investigation of the claim, Berkshire discovered that Stauffer's responses to questions 5(g)(ii) and 5(g)(v) on the Application for the policy were false and that Stauffer failed to disclose his true personal medical and health history. If Stauffer had disclosed his true personal medical and health history or if the true facts as to Stauffer's personal and medical history had been made known to Berkshire by Stauffer prior to or

2
JOINT CASE MANAGEMENT STATEMENT          Case No.: C 07-02622 RMW
350954.1

at the time of the issuance and the delivery of Policy, the Policy would not have been issued and delivered by Berkshire to Stauffer.

B. <u>Stauffer's Facts</u>

Stauffer contends as follows:

He clearly is disabled with chronic inflammatory demyelinating polyneuropathy (CIPD) as a venture capitalist. Stauffer purchased an individual disability insurance policy. Extensive computer work and travel was required for his occupation. He cannot read or use a computer for more than a few minutes. He can no longer read business plans. He cannot travel. He will be totally disabled at least through age 65.

At best, it is unreasonable for Berkshire to claim that it would not have underwritten Stauffer's disability insurance policy for the minor sports injuries and symptoms in his medical records existing at the time of the policy application. Berkshire's fishing through Stauffer's medical records for an excuse to rescind his policy is in conscious disregard of his rights, and is despicable. Later medical records containing errors in the patient history, and Stauffer and his doctors speculating as to the cause of his disabling condition, are not relevant to the issue of his knowledge at the time of the policy application.

The policy application sought disclosure of "disorders." Disorder is a vague, ambiguous and misleading term to ordinary people. It is a relatively uncommon term used to describe diseases. Berkshire's application attempts to force lay people to make sophisticated medical judgments, speculate about their past symptoms, and whether they are "disorders." Every normal person has growing pains and occasional aches and pains; no one would believe these are "disorders."

In terms of defining a disorder, how many aches and pains constitute a "disorder?" What do they have to feel like? How frequently do they need to occur? The Berkshire application does not define disorder, and no parameters are given. The examples on the application are rather serious diseases and none of them are injuries, leading the applicant to interpret disorders to be diseases diagnosed by a physician. Stauffer's physicians did not tell him the fancy diagnoses they may have written in their chart notes. The application did not caution the applicant to obtain

1 copies of all of his medical records to search for such information. The application merely seeks
2 the applicant's recollection. Berkshire's application did not inquire about injuries, and it will be
3 estopped to rescind coverage for injuries. Berkshire uses a very thorough claim evaluation form;
4 Berkshire certainly was capable of creating a fair, clear and thorough application.

5 None of the following are "disorders." Stauffer's groin pull (osteitis pubis aka symphysis
6 pubis dysfunction) did not have a history of reoccurrence. This injury is not related to CIPD.
7 Before Stauffer applied for the policy, no doctor ever informed him he had a "calcaneous
8 deformity." Orthotics are used to fine-tune runners' mechanics and reduce calluses. Orthotics
9 commonly are used by athletes, and are even made at specialty running shops. He obtained an
10 Ambien prescription at the recommendation of colleagues to help with jet lag when traveling to
11 Asia on business; he had no problems with sleep disturbance at the time; he tried it once on a trip
12 to Asia, and never used it again. What athlete (He was a runner, cyclist, weight lifter and tennis
13 player), has not had muscle cramps? An incident of eye pain, which goes away and doesn't
14 return, is not a disorder.

15 Berkshire claims that its policy is "NONCANCELLABLE AND GUARANTEED
16 RENEWABLE TO AGE 65." This is a misrepresentation based upon Berkshire's handling of
17 Stauffer's claim. The term "contestability period" does not even appear in the policy. If
18 Berkshire is able to contest and cancel a policy during the "contestability period" in the absence
19 of any clearly fraudulent statements, then the policy is not "noncancellable." It only is
20 noncancellable after it has been in force for two years.

21 3. <u>Legal Issues</u>:

22     1. Was Berkshire Life's rescission of the policy issued to Stauffer legally
23 correct?

24     2. Is Stauffer entitled to disability benefits under the Policy that is the subject
25 of this matter as well as the recovery of costs and attorneys fees and, if so, in what amount?

26     3. What is the scope of discovery in this matter?

27     4. Does California law, New Jersey law, or federal common law apply to this
28 matter in that it is governed by ERISA

4.  **Motions:**

Berkshire Life proposes that the parties file cross motions under Federal Rule of Civil Procedure 52 to determine if the rescission of the policy was valid based on the administrative record.

5.  **Amendment of Pleadings:**

At this time, Berkshire does not anticipate any amendments to the pleadings in this matter.

6.  **Evidence Preservation:**

Berkshire and Stauffer have taken all appropriate steps to preserve the evidence in this matter.

7.  **Disclosures:**

Berkshire and Brandon Stauffer have made the required disclosures under Federal Rule of Civil Procedure Rule 26.

8.  **Discovery:**

This matter is governed by ERISA. Accordingly, it is Berkshire's position that the Court should rely on the administrative record to confirm Berkshire Life's rescission of the Policy. Stauffer contends, on the other hand, that evidence outside the administrative record may be relevant and admissible on the issues of rescission and his entitlement to benefits, costs and attorneys fees. An issue that needs to be addressed at the conference is the scope of discovery permitted by the court in this action in light of the fact that this matter is governed by ERISA.

9.  **Class Actions:** There are no class action issues in this matter.

10. **Related Cases:** There are no related cases.

11. **Relief:** Berkshire seeks a declaration by this Court confirming the rescission of the Policy and confirming that there is no coverage under the Policy. Berkshire seeks judgment on Stauffer's cross-claim.

Stauffer seeks recovery of policy benefits, interest, and attorney's fees.

1
2   12.   Settlement and ADR:  The parties participated in a settlement conference before a
3         Magistrate Judge.  Berkshire does not believe that mediation will be productive in this
4         matter.
5   13.   Consent to Magistrate Judge For All Purposes:  Berkshire does not consent to a Magistrate
6         Judge.
7   14.   Other References:  None.
8   15.   Narrowing of Issues:  The parties have narrowed the issues in this matter though the
9         stipulation that this matter is governed by ERISA.
10  16.   Expedited Schedule:  Not applicable.
11  17.   Scheduling:  The scheduling is dependent on the scope of discovery allowed by the court.
12  18.   Trial:  Berkshire believes that this matter can be decided on cross motions under FRCP
13         52.  Alternatively, this matter should be set for a trial on the administrative record and on
14         any other evidence which the Court deems to be admissible.
15  19.   Disclosure of Non-Party Interested Entities or Persons:  None
16  20.   Other Matters:  None
17
18
19  Dated: May 2, 2008    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
20
21                         By:_____/s/_____
22                              SEAN P. NALTY
                               Attorneys for Plaintiff
23                             BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA

24  Dated: May 2, 2007    LAW OFFICES OF BOURHIS & MANN
25
26                         By_____/s/_____
                               LAWRENCE MANN
27                             Attorney for Defendant BRANDON STAUFFER
28

---

6
JOINT CASE MANAGEMENT STATEMENT          Case No.:  C 07-02622 RMW

350954.1