SEAN P. NALTY (SBN 121253)
**WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP**
525 Market Street, 17th Floor
San Francisco, California  94105
Telephone:    (415) 433-0990
Facsimile:    (415) 434-1370

Attorneys for Stauffer
BERKSHIRE LIFE INSURANCE
COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE BRANCH

| | |
|---|---|
| BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,<br><br>　　　　Stauffer,<br><br>　　vs.<br><br>BRANDON STAUFFER,<br><br>　　　　Defendant. | Case No.:  C 07-02622 RMW<br><br>**BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA AND THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA'S ANSWER TO DEFENDANT AND CROSS-COMPLAINANT BRANDON STAUFFER'S FIRST AMENDED CROSS-CLAIM** |
| BRANDON STAUFFER,<br><br>　　　　Cross-Complainant,<br><br>　　vs.<br><br>BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, and DOES 1-50, inclusive,<br><br>　　　　Berkshire. | |

COMES NOW, plaintiff and cross-defendant BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA ("Berkshire Life") and cross-defendant GUARDIAN LIFE INSURANCE COMPANY OF AMERICA ("Guardian") (collectively, "Berkshire") and answers the first amended cross-claim for benefits due under a plan, for enforcement of rights under a

---
1
**Berkshire's Answer to Brandon Stauffer's First Amended Cross-Claim**
305938.1                                                          Case No. C 07-02622 RMW

plan, for clarification of future rights under a plan, and for attorney's fees filed by Brandon Stauffer ("Stauffer") as follows.

  1.  Berkshire admits the allegations in paragraph 1 of the cross-claim.

  2.  Answering the allegations in paragraph 2 of the cross-claim, Berkshire admits the Stauffer currently is a resident of the State of California. Berkshire denies that at all relevant times Stauffer was a resident of the State of California.

  3.  Berkshire admits the allegations in paragraph 3 of the cross-claim.

  4.  Berkshire admits the allegations in paragraph 4 of the cross-claim.

  5.  Answering the allegations in paragraph 5 of the cross-claim, Berkshire admits that Berkshire Life and Guardian merged. Berkshire further admits that Berkshire Life is a wholly owned stock subsidiary of and an administrator for Guardian. Except as so admitted, Berkshire denies the remaining allegations in paragraph 5 of the cross-claim.

  6.  Answering the allegations in paragraph 6 of the cross-claim, Berkshire admits that Berkshire Life's headquarters is located at 700 South Street in Pittsfield, Massachusetts. Except as so admitted, Berkshire denies the allegations in paragraph 6 of the cross-claim.

  7.  Answering the allegations in paragraph 7 of the cross-claim, Berkshire admits that the individual disability policy issued to Stauffer by Berkshire ("the policy") is part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Except as so admitted, Berkshire denies the allegations in paragraph 7 of the cross-claim.

  8.  Answering the allegations in paragraph 8 of the cross-claim, Berkshire admits that, as the claim administrator under the policy, it rescinded the policy and did not pay Stauffer's claim for benefits under the policy. Except as so admitted, Berkshire denies the allegations in paragraph 8 of the cross-claim.

  9.  Berkshire denies the allegations in paragraph 9 of the cross-claim.

  10.  Berkshire denies the allegations in paragraph 10 of the cross-claim. Berkshire further states that it properly rescinded the policy and therefore the policy is no longer in force.

11. Berkshire denies the allegations in paragraph 11 of the cross-claim.

12. Berkshire denies the allegations in paragraph 12 of the cross-claim.

## FIRST CLAIM FOR RELIEF

13. Berkshire incorporates by reference, as if they were fully set forth below, its response to paragraphs 1 through 12 set forth above.

14. Berkshire denies the allegations in paragraph 14 of the cross-claim. Berkshire admits that Stauffer's employer, Domain Associates, purchased the policy as an employee benefit and that the policy provided disability insurance coverage to Stauffer.

15. Answering the allegations in paragraph 15 of the cross-claim, Berkshire states that the terms, conditions, limitations, and restrictions stated in the policy speak for themselves. The policy's terms provided disability coverage to the insured's 65th birthday. The policy has been rescinded. Except as so admitted and so stated, Berkshire denies the allegations in paragraph 15 of the cross-claim.

16. Berkshire denies the allegations in paragraph 16 of the cross-claim.

17. Berkshire admits that Stauffer claims that his occupation was venture capitalist. Except as so stated, Berkshire denies the allegations in paragraph 17 of the cross claim.

18. Answering the allegations in paragraph 18 of the cross-claim, Berkshire admits that Stauffer claims that he is disabled by a variety of medical conditions that are more fully discussed in the administrative record that is the subject of this matter. One medical condition referenced is chronic inflammatory demyelinating polyneuropathy. Except as so admitted, Berkshire denies the allegations in paragraph 18 of the cross-claim.

19. Berkshire denies the allegations in paragraph 19 of the cross-claim.

20. Answering the allegations in paragraph 20 of the cross-claim, Berkshire admits that Stauffer applied for disability benefits under the policy. Except as so admitted, Berkshire denies the allegations in paragraph 20 of the cross-claim.

21.  Answering the allegations in paragraph 21 of the cross-claim, Berkshire admits that Stauffer provided notice of claim. Except as so admitted, Berkshire denies the allegations in paragraph 21 of the cross-claim.

22.  Berkshire admits that Stauffer exhausted his administrative remedies under the policy and under the plan.

23.  Answering the allegations in paragraph 23 of the cross-claim, Berkshire admits that Berkshire Life paid a disability benefit to Stauffer under the policy. Berkshire further admits that Stauffer provided medical information in support of his claim. Except as so admitted, Berkshire denies the allegations in paragraph 23 of the cross-claim.

24.  Berkshire denies the allegations in paragraph 24 of the cross-claim.

25.  Berkshire denies the allegations in paragraph 25 of the cross-claim.

26.  Berkshire denies the allegations in paragraph 26 of the cross-claim.

27.  Berkshire denies the allegations in paragraph 27 of the cross-claim.

28.  Berkshire denies the allegations in paragraph 28 of the cross-claim.

29.  Berkshire denies the allegations in the prayer of the cross-claim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Berkshire alleges that the cross-claim, and each purported claim for relief alleged therein, fails to state facts sufficient to constitute a claim against Berkshire Life and Guardian, and each of them.

### SECOND AFFIRMATIVE DEFENSE

Berkshire alleges that any and all of the actions taken by any corporate officer, employee, and/or agent were good faith assertions of the rights of Berkshire and were therefore privileged and/or justified.

### THIRD AFFIRMATIVE DEFENSE

Berkshire alleges that if Stauffer has sustained any damages as alleged in the cross-claim, which Berkshire denies, he failed to mitigate his damages.

### FOURTH AFFIRMATIVE DEFENSE

Berkshire alleges that Stauffer has waived any and all claims that he may have or have had to the relief, if any, referred to in the cross-claim. Specifically, the equitable relief available under ERISA is not available to Stauffer due to his misrepresentations and concealment of information in the preparation of the application for the policy that is the subject of this matter.

### FIFTH AFFIRMATIVE DEFENSE

Berkshire alleges that Stauffer is estopped from alleging that Berkshire caused or contributed to the damages, if any, referred to in the cross-claim. Specifically, the equitable relief available under ERISA is not available to Stauffer due to his misrepresentations and concealment of information in the preparation of the application for the policy that is the subject of this matter.

### SIXTH AFFIRMATIVE DEFENSE

Berkshire alleges that Stauffer is barred from seeking any equitable relief due to his own unclean hands. Specifically, the equitable relief available under ERISA is not available to Stauffer due to his misrepresentations and concealment of information in the preparation of the application for the policy that is the subject of this matter.

### SEVENTH AFFIRMATIVE DEFENSE

Berkshire alleges that the policy that was issued to Stauffer by Berkshire Life, that is the subject of this action, has been validly and properly rescinded by Berkshire Life due to misrepresentations on the policy application. Stauffer was advised that the policy was rescinded and a premium refund was tendered to Stauffer. Accordingly, Stauffer does not have a contractual basis for his claim herein that he is entitled to disability benefits under the policy because the policy is no longer in force. Moreover, he has no contractual basis for the claims for relief alleged in the cross-claim.

## EIGHTH AFFIRMATIVE DEFENSE

Berkshire Life rescinded the policy and seeks from this court a confirmation of that rescission. In the event that the court concludes that the policy was not validly rescinded, the court must remand Stauffer's claim for benefits back to the claim administrator, Berkshire Life, for a determination concerning whether he is entitled to disability benefits under the policy. Berkshire Life has not made a decision on Stauffer's entitlement to benefits and continued entitlement to benefits. In the event that the court finds that the policy still is in force, as claim administrator, Berkshire Life is then required to determine whether benefits are payable to Stauffer. Thereafter, if Stauffer brings an action under ERISA for benefits, the court can perform a de novo review of the benefit decision by Berkshire Life. Under ERISA, the court cannot award benefits outright; it can only review the benefit decision by Berkshire Life.

## NINTH AFFIRMATIVE DEFENSE

Berkshire Life rescinded the policy and seeks from this court a confirmation of that rescission. Berkshire Life has not made a decision on Stauffer's entitlement to benefits and continued entitlement to benefits. In the event that the court finds that the policy still is in force, as claim administrator, Berkshire Life is then required to determine whether benefits are payable to Stauffer. Thereafter, if Stauffer brings an action under ERISA, the court can perform a de novo review of the benefit decision by Berkshire Life. Under ERISA, the court can only review the benefit decision made by the claim administrator. The court cannot award future benefits or make any type of benefit determination on the claim going forward.

## TENTH AFFIRMATIVE DEFENSE

Berkshire Life alleges that plaintiff is not entitled to attorney's fees in this matter as a matter of law. Stauffer can claim attorney's fees only if the court awards benefits in this matter under the policy after reversing the benefit decision by the claim administrator. However, is this matter, because the policy was validly rescinded, the claim administrator Berkshire Life has not made a determination on the claim. Accordingly, Stauffer's entitlement to benefits is not at issue and therefore attorney's fees cannot be awarded. Under ERISA, Stauffer would be entitled to

claim attorney's fees only if the rescission is found not to be valid, and the claim is remanded to the claim administrator for a determination concerning disability, and the claim administrator concludes that benefits are not payable, and Stauffer brings an action challenging the benefit decision and the court awards benefits. At this time, there is no factual or legal basis for Stauffer's claim for attorney's fees.

### ELEVENTH AFFIRMATIVE DEFENSE

Berkshire alleges that any and all actions taken by Berkshire were fair and reasonable and were performed in good faith based on all the relevant facts known to Berkshire at all applicable times.

### TWENTIETH AFFIRMATIVE DEFENSE

Berkshire presently has insufficient knowledge or information on which to form a belief whether they may have additional, yet unstated affirmative defenses. Berkshire reserves the right to assert additional affirmative defenses in the event discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.

### PRAYER

WHEREFORE, Berkshire prays for judgment against Stauffer as follows:

1. That Stauffer take nothing by way of his cross-claim on file and that the same be dismissed with prejudice;

2. For judgment against Stauffer and in favor of Berkshire;

3. That Berkshire recover their costs of suit incurred herein, including reasonable attorneys' fees; and

\\
\\
\\
\\
\\
\\

4.  For such other and further relief as this Court deems just and proper.

Dated: June 2, 2008

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: *Sean P Nalty*
SEAN P. NALTY
Attorneys for
BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA and THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA