1  SEAN P. NALTY (SBN 121253)
   **WILSON, ELSER, MOSKOWITZ,**
2    **EDELMAN & DICKER LLP**
   525 Market Street, 17th Floor
3  San Francisco, California 94105
   Telephone:    (415) 433-0990
4  Facsimile:    (415) 434-1370

5  Attorneys for Plaintiff
   BERKSHIRE LIFE INSURANCE
6  COMPANY OF AMERICA

7  LAWRENCE MANN (SBN 83698)
   **LAW OFFICES OF BOURHIS & MANN**
8  1050 Battery Street
   San Francisco, California 94111
9  Telephone:    (800) 264-2082

10 Attorneys for Defendant
   BRANDON STAUFFER

11

12

13                    UNITED STATES DISTRICT COURT

14               NORTHERN DISTRICT OF CALIFORNIA

15

16 BERKSHIRE LIFE INSURANCE          )   Case No.:  C 07-02622 RMW
   COMPANY OF AMERICA,               )
17                                   )   **JOINT CASE MANAGEMENT**
              Plaintiff,             )   **STATEMENT***
18                                   )
        vs.                          )   Date:        September 12, 2008
19                                   )   Time:        10:30 a.m.
   BRANDON STAUFFER,                 )   Courtroom:   6
20                                   )   Judge:       Hon. Ronald M. Whyte
              Defendant.             )
21 _____ )
                                     )   *By Stipulation filed August 26, 2008, the
22 BRANDON STAUFFER,                 )   Parties requested a continuance of this
                                     )   conference to November.
23            Cross-Complainant,     )
                                     )
24      vs.                          )
                                     )
25 BERKSHIRE LIFE INSURANCE          )
   COMPANY OF AMERICA, et al.,       )
26                                   )
              Cross-defendant.       )
27

28

_____
                                    1
       **JOINT CASE MANAGEMENT STATEMENT**          Case No.:  C 07-02622 RMW
374898.1

1    Plaintiff and cross-defendant Berkshire Life Insurance Company of America ("Berkshire

2  Life"), cross-defendant Guardian Life Insurance Company of America ("Guardian") (collectively

3  "Berkshire") and defendant and cross-complainant Brandon Stauffer ("Stauffer") hereby submit

4  to the Court the following Joint Case Management Conference Statement pursuant to the Case

5  Management Conference currently set in this matter for September 12, 2008.

6

7         **UPDATE FOR THE LAST CASE MANAGEMENT CONFERENCE**

8    The parties to this action have been working out the schedule to begin discovery in this

9  matter.  We anticipate that the depositions currently noticed will be completed by the beginning

10 of October.  The parties respectfully request that the Court set this matter for a Case Management

11 Conference in November, 2008.  The parties submitted a stipulation and order requesting the

12 continuance of this conference.

13    The remaining information below is from the prior status conference statement filed in this

14 matter before the May 9, 2008 Case Management Conference.  Mr. Stauffer's counsel currently is

15 in trial in Fresno so was unable to sign this statement.

16 1.    Jurisdiction and Service:

17    The jurisdiction in this matter is based on the Employee Retirement Income Security Act

18 of 1974 ("ERISA").  Berkshire Life's complaint for declaratory relief in this matter is governed

19 by ERISA as the disability insurance policy that is the subject of this matter was part of an

20 employee benefit plan.  The standard of review is de novo.

21    There are no additional parties to be served at this time.

22 2.    Facts:

23    A.    Berkshire's Facts

24       1.    **ERISA**

25    Berkshire has filed a declaratory relief action under ERISA to confirm the rescission of a

26 disability policy issued to Stauffer.  The parties agree that this matter is governed by ERISA.

27 Stauffer's counter claim for breach of contract and breach of the covenant of good faith and fair

28

1  dealing has been voluntarily dismissed and Stauffer has leave to file a counter-claim for benefits

2  under ERISA.

3      **2.      Claim for Relief for Declaratory Relief**

4      On or about September 9, 2005, in New Jersey, Stauffer completed, signed and submitted

5  to Berkshire an Application for the Policy through Domain (the "Application"). On or about July

6  5, 2006, Stauffer notified Berkshire of a claim for disability under the Policy commencing in July

7  2006. During the investigation of the claim, Berkshire discovered that Stauffer's responses to

8  questions 5(g)(ii) and 5 (g)(v) on the Application for the policy were false and that Stauffer failed

9  to disclose his true personal medical and health history. If Stauffer had disclosed his true personal

10 medical and health history or if the true facts as to Stauffer's personal and medical history had

11 been made known to Berkshire by Stauffer prior to or at the time of the issuance and the delivery

12 of Policy, the Policy would not have been issued and delivered by Berkshire to Stauffer.

13      B.      Stauffer's Facts

14      Plaintiff clearly is disabled with chronic inflammatory demyelinating polyneuropathy

15 (CIPD) as a venture capitalist. Brandon Stauffer purchased an individual disability insurance

16 policy. Extensive computer work and travel was required for Brandon's occupation. Brandon

17 cannot read or use a computer for more than a few minutes. He can no longer read business

18 plans. He cannot travel. He will be totally disabled at least through age 65.

19      At best, it is unreasonable for Berkshire to claim that it would not have underwritten

20 Brandon's disability insurance policy for the minor sports injuries and symptoms in his medical

21 records existing at the time of the policy application. Berkshire's fishing through Brandon's

22 medical records for an excuse to rescind his policy is in conscious disregard of his rights, and is

23 despicable. Later medical records containing errors in the patient history, and Brandon and his

24 doctors speculating as to the cause of his disabling condition, are not relevant to the issue of

25 Brandon's knowledge at the time of the policy application.

26      The policy application sought disclosure of "disorders." Disorder is a vague, ambiguous

27 and misleading term to ordinary people. It is a relatively uncommon term used to describe

28 diseases. Berkshire's application attempts to force lay people to make sophisticated medical

3

**JOINT CASE MANAGEMENT STATEMENT**          Case No.:  C 07-02622 RMW

374898.1

1    judgments, speculate about their past symptoms, and whether they are "disorders." Every normal

2    person has growing pains and occasional aches and pains; no one would believe these are

3    "disorders." How many aches and pains constitute a "disorder?" What do they have to feel like?

4    How frequently do they need to occur? The Berkshire application does not define disorder, and

5    no parameters are given. The examples on the application are rather serious diseases and none of

6    them are injuries, leading the applicant to interpret disorders to be diseases diagnosed by a

7    physician. Brandon's physicians did not tell him the fancy diagnoses they may have written in

8    their chart notes. The application did not caution the applicant to obtain copies of all of his

9    medical records to search for such information. The application merely seeks the applicant's

10    recollection. Berkshire's application did not inquire about injuries, and it will be estopped to

11    rescind coverage for injuries. Berkshire uses a very thorough claim evaluation form; Berkshire

12    certainly was capable of creating a fair, clear and thorough application.

13        None of the following are "disorders." Brandon's groin pull (osteitis pubis aka symphysis

14    pubis dysfunction) did not have a history of reoccurrence. This injury is not related to CIPD.

15    Before Brandon applied for the policy, no doctor ever informed him he had a "calcaneous

16    deformity." Orthotics are used to fine-tune runners' mechanics and reduce calluses. Orthotics

17    commonly are used by athletes, and are even made at specialty running shops. Brandon obtained

18    an Ambien prescription at the recommendation of colleagues to help with jet lag when traveling

19    to Asia on business; he had no problems with sleep disturbance at the time; he tried it once on a

20    trip to Asia, and never used it again. What athlete (Brandon was a runner, cyclist, weight lifter

21    and tennis player), has not had muscle cramps? An incident of eye pain, which goes away and

22    doesn't return, is not a disorder.

23        Berkshire claims that its policy is "NONCANCELLABLE AND GUARANTEED

24    RENEWABLE TO AGE 65." This is a misrepresentation based upon Berkshire's handling of

25    Brandon's claim. The term "contestability period" does not even appear in the policy. If

26    Berkshire is able to contest and cancel a policy during the "contestability period" in the absence

27    of any clearly fraudulent statements, then the policy is not "noncancellable." It only is

28    noncancellable after it has been in force for two years.

**JOINT CASE MANAGEMENT STATEMENT**        Case No.: C 07-02622 RMW

374898.1

3.    Legal Issues:

      1.    Was Berkshire Life's rescission of the policy issued to Stauffer legally correct?

      2.    Is Stauffer entitled to disability benefits under the Policy that is the subject of this matter?

      3.    The scope of discovery in this matter?

      4.    Does California law, New Jersey law, or federal common law apply to tis matter in that it is governed by ERISA

4.    Motions:

Berkshire Life proposes that the parties file cross motions under Federal Rule of Civil Procedure 52 to determine if the rescission of the policy was valid based on the administrative record.

5.    Amendment of Pleadings:

At this time, Berkshire does not anticipate any amendments to the pleadings in this matter.

6.    Evidence Preservation:

Berkshire and Brandon Stauffer have taken all appropriate steps to preserve the evidence in this matter.

7.    Disclosures:

Berkshire and Brandon Stauffer have made the required disclosures under Federal Rule of Civil Procedure Rule 26.

8.    Discovery:

This matter is governed by ERISA. Accordingly, the Court should rely on the administrative record to confirm Berkshire Life's rescission of the Policy. An issue that needs to be addressed at the conference is the scope of discovery permitted by the court in this action in light of the fact that this matter is governed by ERISA.

9.    Class Actions: There are no class action issues in this matter.

10.    Related Cases: There are no related cases.

**JOINT CASE MANAGEMENT STATEMENT**    Case No.: C 07-02622 RMW

374898.1

11.   Relief:

Berkshire seeks a declaration by this Court confirming the rescission of the Policy and confirming that there is no coverage under the Policy. Berkshire seeks judgment on Stauffer's cross-claim.

Brandon Stauffer seeks recovery of policy benefits, interest, and attorney's fees.

12.   Settlement and ADR: The parties participated in a settlement conference before a Magistrate Judge. Berkshire does not believe that mediation will be productive in this matter.

13.   Consent to Magistrate Judge For All Purposes: Berkshire does not consent to a Magistrate Judge.

14.   Other References: None.

15.   Narrowing of Issues: The parties have narrowed the issues in this matter though the stipulation that this matter is governed by ERISA.

16.   Expedited Schedule: Not applicable.

17.   Scheduling: The scheduling is dependent on the scope of discovery allowed by the court.

18.   Trial: Berkshire believes that this matter can be decided on cross motions under FRCP 52. Alternatively, this matter should be set for a trial de novo on the administrative record.

19.   Disclosure of Non-Party Interested Entities or Persons: None

20.   Other Matters: None

Dated: Sept. 8, 2008    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:_____/s/_____
SEAN P. NALTY
Attorneys for Plaintiff
BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA

6
**JOINT CASE MANAGEMENT STATEMENT**           Case No.: C 07-02622 RMW

374898.1

1

2     Dated:  Sept. ___, 2008          LAW OFFICES OF BOURHIS & MANN

3

4                       By
                                      LAWRENCE MANN
5                                     Attorney for Defendant BRANDON STAUFFER

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

                                      7
          **JOINT CASE MANAGEMENT STATEMENT**          Case No.:  C 07-02622 RMW

374898.1

## PROOF OF SERVICE

*Berkshire Life v. Stauffer, et al.*

I am a citizen of the United States, I am over the age of eighteen years and not a party to the within cause; I am employed in the City and County of San Francisco, California and my business address is 525 Market Street, 17th Floor, San Francisco, California 94105.

On this date I served the following document(s):

### JOINT CASE MANAGEMENT STATEMENT

on the party(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

Lawrence Mann, Esq.
LAW OFFICES OF BOURHIS & MANN
1050 Battery Street
San Francisco, California  94111
Telephone:      (800) 264-2082

Attorneys for Defendant
BRANDON STAUFFER

☒      Said document(s) was placed for deposit in the **United States Postal Service** in sealed envelopes, with postage fully prepaid for collection and mailing on that date following ordinary business practice.

☐      A copy of said document(s) was processed for delivery by **Federal Express** in a sealed Federal Express mailer, with previously made payment arrangements, duly addressed, and sent via overnight mail.

☐      A copy of said document(s) was successfully transmitted by **facsimile**. (Only where permitted.  Must consult CCP § 1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e).  Not currently authorized in N.D.C.A.)

☐      Said document(s) was **personally served** by hand this date to the offices of the addressee(s) noted above.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct to the best of my knowledge.

EXECUTED September 8, 2008, at San Francisco, California.

Sina V. Taula

PROOF OF SERVICE

374951.1